**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MASSOUMEH SOUFIMANESH, | § § | |
| *Plaintiff,* | § § | |
| V. | § § | CASE NO. 4:12cv295 |
| U.S. BANK, N.A. | § § | Judge Clark/Judge Mazzant |
| *Defendant.* | § § | |

**ORDER ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On May 29, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that defendant's Motion for Summary Judgment [Doc. #26] be granted [Doc. #43]. On June 12, 2013, plaintiff filed Objections to the Report and Recommendation of Magistrate Judge Filed May 29, 2013 [Doc. #44]. On June 19, 2013, defendant filed a response [Doc. #45].

The Magistrate Judge prepared a detailed report and recommendation that totaled twenty-eight pages. After consideration of the briefing, the Magistrate Judge recommended the granting of defendant's motion and dismissal of plaintiff's case.

Plaintiff's first objects regarding plaintiff's property code violations because the Magistrate Judge founds that defendant had not withdrawn its notices. The Magistrate Judge found that the summary judgment evidence conclusively demonstrates that U.S. Bank conducted the foreclosure

sale on plaintiff's property in compliance with Texas law and the Deed of Trust and there is no summary judgment evidence offered to show that the notices were withdrawn. Plaintiff merely reasserts the same argument made and rejected by the Magistrate Judge. The court agrees with the Magistrate Judge and finds no error.

Plaintiff next objects to the finding that plaintiff's breach of contract claim fails because plaintiff was in breach. The Magistrate Judge found that plaintiff defaulted on her mortgage by failing to timely make the payments required by the Note and that her last payment was on November 1, 2011, which paid the Note up to August 2009. The Magistrate Judge correctly found that plaintiff must establish that she performed her obligations under the contract in order to establish a breach of contract claim and that it has been years since her last attempt to make a payment. Plaintiff's assertion that because defendant reviewed her for a loan modification after her breach, defendant could not foreclose, is misplaced. Defendant was not required to stop foreclosure during the loan modification process, and there is no requirement for approval of a loan modification. There is no basis for plaintiff's breach of contract claim.

Plaintiff next objects to the rejection of her waiver claim because defendant lacked intent to waive its right to foreclose. The Magistrate Judge found that plaintiff offered insufficient summary judgment evidence that defendant "unequivocally manifested" an intent to waive its acceleration rights. Plaintiff merely reasserts the same arguments made before the Magistrate Judge. The court agrees that there is insufficient summary judgment evidence that would support a claim of waiver by defendant.

Plaintiff next objects to the recommended dismissal of her TDCA claim based upon the defendant having authority to foreclose. Plaintiff asserts that she was misled by defendant into

believing that she was being approved for a loan modification and that foreclosure would not occur during the modification process. The Magistrate Judge correctly rejected these arguments. Defendant had authority to foreclose, and the representations related to a loan modification do not constitute an attempt to collect a debt.

Plaintiff next objects to the recommendation that the economic loss doctrine applies to plaintiff's negligence and negligent misrepresentation claims. No error occurred. Plaintiff cannot establish that defendant owed her any duty independent of the Deed of Trust and Note. All rights of the parties relate to the Deed of Trust and Note. The economic loss doctrine does bar these claims.

Plaintiff next objects to the recommended dismissal of her suit to quiet title and trespass to try title claim because plaintiff asserts she can establish superior title. Since the court finds that no error occurred in the foreclosure procedure, plaintiff has not established that she has superior title, and these claims should be dismissed.

Plaintiff's final objection is that there is an actual controversy between the parties and her request for declaratory judgment and other equitable relief should not be dismissed. The court disagrees. There is no controversary between the parties.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by plaintiff [Doc. #44], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, ORDERED that defendant's Motion for Summary Judgment [Doc. #26] is GRANTED and plaintiff's case is DISMISSED with prejudice.

So **ORDERED** and **SIGNED** this **24** day of **June, 2013.**

_____
Ron Clark, United States District Judge